## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jordan R. Pearce, Albert C. Pearce *Debtors.* | Case No. 24-14494-amc Chapter 7 |

## ORDER

**AND NOW**, upon consideration of the Motion to Approve Reaffirmation Agreement with University Federal Credit Union ("the Creditor") filed by Debtors Jordan R. Pearce and Albert C. Pearce, and after notice and hearing, the Court finds that:

A. The Debtors have complied with the requirements of 11 U.S.C. §§ 362(h), 521(a)(2), and 521(a)(6) by timely executing a reaffirmation agreement with the Creditor with respect to the 2018 Mazda CX-5, VIN JM3KFADM4J1412967 (the "Collateral").

B. It is it not in the Debtors' best interest to reaffirm the debt.

For those reasons, it is hereby **ORDERED** that:

1. The Motion is **DENIED**.

2. 11 U.S.C. § 521(d), which makes "ipso facto default" clauses enforceable, does not apply in this case. *See In re Moustafi*, 371 B.R. 434 (Bankr. D. Ariz. 2007).

3. The Creditor may not repossess the Collateral based solely on the Debtors having filed this bankruptcy case.

4. The Debtors may retain the Collateral so long as they continue to make timely voluntary payments and satisfy their other obligations as provided in the loan agreement.

5. Acceptance of voluntary payments from the Debtors is not a violation of 11 U.S.C. § 524(a)(2).

6. The Creditor may continue sending bills, payment coupons, and statements to the Debtors and continue to accept payments until either:

   a. the Creditor is notified by the Debtors to cease sending such bills, payment coupons, and statements or taking funds from the Debtors' bank accounts;

    b. any creditor secured by the Collateral repossesses it and disposes of it pursuant to applicable nonbankruptcy law; or

    c. the secured obligation is paid in full.

7. If the Debtors retain the Collateral and thereafter default on their obligations as set forth in the loan documents, the Creditor may collect its debt by enforcing its *in rem* rights against the Collateral pursuant to applicable nonbankruptcy law.

8. Such collection may include written, electronic, and telephonic communication to notify the Debtors of any default and the Creditor's intent to repossess the Collateral unless the default is cured.

9. The Creditor may not take, or threaten to take, any action to collect its debt as a personal liability of the Debtors unless this case is dismissed or closed without a discharge.

10. The Court retains jurisdiction to enforce and interpret this Order, including after closing of this case, pursuant to its inherent authority under 11 U.S.C. § 105(a) and its ancillary jurisdiction to effectuate its prior orders.

Date:

                                                        Ashely M. Chan
                                                        Chief U.S. Bankruptcy Judge

CC: University Federal Credit Union
      PO Box 9350
      Austin, TX 78766